UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARENCE STEVENSON,

Plaintiff,

v.                                                                  CASE NO.:

YELLOW CAB COMPANY OF TAMPA,
INC.,

Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLARENCE STEVENSON, (hereinafter "STEVENSON," "Mr. Stevenson" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, YELLOW CAB COMPANY OF TAMPA, INC., (hereinafter "YELLOW CAB" or "Defendant") and states the following:

## NATURE OF ACTION

1. Plaintiff brings this action against the Defendant, his former employer, for failure to pay wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201-219 ("FLSA").

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. §1343, and 29 U.S.C. § 216(b).

3. Defendant, Yellow Cab, is a Florida company with its principal place of business located at 4413 North Hesperides Street, Tampa, Florida, 33614, and is subject to the personal jurisdiction of the United States District Court for the Middle District of Florida because it is principally located within this judicial district.

4. Venue is proper in the Middle District of Florida under 28 USC § 1391(b)(2) because the events giving rise to these claims occurred within the Middle District of Florida and Defendant employed Plaintiff at a location within.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Hillsborough County, Florida in the Middle District of Florida.

6. Defendant is a Florida corporation located in Hillsborough County, Florida in the Middle District of Florida.

7. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

## ALLEGATION OF FACT

9. Defendant hired Plaintiff on October 28, 2020 as a cab driver.

10. Plaintiff began his employment with Defendant at a location in Hillsborough County within the Middle District of Florida.

11. Plaintiff was to be paid fifty percent of the fare for each ride he performed.

12. Plaintiff resigned on November 13, 2020.

13. Plaintiff turned in his manifest to be paid on November 13, 2020, however, Defendant refused to pay Mr. Stevenson.

14. Defendant has willfully and intentionally violated the FLSA by not paying Plaintiff's earned wages.

15. Defendant knowingly and willfully failed to pay Plaintiff once Defendant received his manifest.

16. Plaintiff was dependent on Defendant for work given.

17. Plaintiff was entitled to be paid fifty percent of each fare.

18. Defendant failed to pay Plaintiff compensation in the amount of $937.35.

## COUNT I

## Unpaid Wages under FLSA

19. Plaintiff incorporates by reference the allegations set forth in paragraph one (1) through eighteen (18) as if fully restated herein.

20. This is an action for damages and equitable relief under the FLSA.

21. At all relevant times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

22. Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

23. Plaintiff and Defendant were engaged in commerce as defined by 29 U.S.C. § 202(a) and 29 C.F.R. §552.99.

24. The FLSA prohibits an employer from not compensating its employee.

25. Defendant's actions were deliberate, willful, and without good faith or any legal justification.

26. Defendant is liable under the FLSA for failing to properly compensate Plaintiff.

27. Defendant is liable under the FLSA for failing to maintain proper time records.

28. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages and is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

29. Defendant's conduct constitutes a willful violation of 29 U.S.C. § 255(a) of the FLSA, and Defendant knew or showed reckless disregard of the fact that its compensation practices were in violation of these laws.

30. Plaintiff is entitled to recover his attorney's fees and costs connected with this action pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, CLARENCE STEVENSON requests the following relief:

(a) That the Court find Defendant in violation of the unpaid wage's provisions of the FLSA;

(b) That the Court find Defendant's violation was willful;

(c) That the Court award Plaintiff compensation for previous hours worked AND liquidated damages of an equal amount of the compensation, in addition to penalties and interest on said award pursuant to FLSA § 216;

(d) That the Court award Plaintiff reasonable attorney's fees and costs pursuant to FLSA § 216; and

(e)     That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT II

**Unpaid Wages Violation Under Florida Statute §448.07**

31.     Plaintiff incorporates by reference the allegations set forth in paragraph one (1) through eighteen (18) as if fully restated herein.

32.     At all relevant times, Defendant was the employer of the Plaintiff.

33.     At all relevant times, Plaintiff was an employee of Defendant.

34.     Under Florida Statute §448.07, it is unlawful for an employer to withhold payment for work performed by employees.

35.     Defendant failed to pay Plaintiff what he was owed when he resigned on November 13, 2020.

36.     Plaintiff made several attempts to receive compensation, but Defendant has willfully refused to pay.

37.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and attorney's fees and costs incurred in connection with this claim.

38.     Defendant's conduct constitutes a willful violation of 448.07 of the Florida Statute, and Defendant knew or showed reckless disregard of the fact that its compensation practices were in violation of these laws.

39. Plaintiff is entitled to recover his attorney's fees and costs connected with this action pursuant to Florida Statute § 448.07.

**WHEREFORE**, Plaintiff, CLARENCE STEVENSON requests the following relief:

(a) That the Court find Defendant in violation of the unpaid wage's provisions of Section 448.07 Florida Statute;

(b) That the Court find Defendant's violation was willful;

(c) That the Court award Plaintiff compensation for previous hours worked and liquidated damages;

(d) That the Court award Plaintiff reasonable attorney's fees and costs pursuant to Florida Statute 448.07; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT III

### BREACH OF CONTRACT

40. Plaintiff incorporates by reference the allegations set forth in paragraph one (1) through eighteen (18) as if fully restated herein.

41. Plaintiff entered into an employment contract with the Defendant.

42. Defendant offered to pay 50% of each fare to the Plaintiff.

43. Plaintiff accepted this offer.

44. In consideration of the Defendant's offer and Plaintiff's acceptance, Plaintiff performed work on the Defendant's behalf.

45. Defendant failed to pay the Plaintiff the agreed upon wages after the Plaintiff worked on Defendant's behalf.

46. Defendant breached that contract when they failed to pay Plaintiff his wages.

47. Plaintiff has suffered damages due to Defendant's breach of contract in the form of lost wages.

48. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to cost of this action and reasonable attorneys' fees, as he is seeking unpaid wages to which he is entitles.

**WHEREFORE**, Plaintiff, CLARENCE STEVENSON requests the following relief:

(a) That the Court find Defendant in violation of the unpaid wage's provisions of the Florida Statute;

(b) That the Court find Defendant's violation was willful;

(c) That the Court award Plaintiff compensation for previous hours worked and liquidated damages;

(d) That the Court award Plaintiff reasonable attorney's fees and costs pursuant to Florida Statute 448.07; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 18th day of June 2021.

Respectfully submitted,

*/s/ Gary L. Printy, Jr., Esq*
**Gary L. Printy, Jr., Esq.**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
***Attorney for Plaintiff***